Argued and submitted March 30, ballot title certified as modified April 20, 2000

Edwin Eugene PATTERSON,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S47295)

Ellen LOWE,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S47296)
(Consolidated for Argument and Opinion)

998 P2d 677

Bruce A. Bishop, of Harrang Long Gary Rudnick P.C., Salem, argued the cause and filed the petition for petitioner Edwin Patterson. With him on the petitions was James E. Mountain Jr.

James Coon, of Swanson, Thomas & Coon, Portland, argued the cause and filed the petition for petitioner Ellen Lowe.

Rolf C. Moan, Assistant Attorney General, Salem, argued the cause and filed the answering memoranda for respondent. With him on the memoranda were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

LEESON, J.

Van Hoomissen, J., dissented and filed an opinion.

### LEESON, J.

■　　This is a consolidated ballot title review proceeding respecting the Attorney General's certified ballot title for a proposed initiative measure, denominated Initiative Petition 133 (2000). Petitioners are electors who timely submitted written comments concerning the content of the Attorney General's draft ballot title and who therefore are entitled to seek review. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035 (1997).[1] *See* ORS 250.085(5) (setting standard). For the reasons that follow, we conclude that the caption and the "yes" vote result statement do not comply substantially with the statutory standards. We modify the Attorney General's certified ballot title accordingly.

Under the proposed measure, proceeds paid to this state by United States tobacco products manufacturers, pursuant to a "Master Settlement Agreement of 1998," would be dedicated to a health-care trust fund, and the earnings from the trust would be used to provide health-care services for low-income persons. The Attorney General certified the following ballot title to the Secretary of State:

"TOBACCO-SETTLEMENT PROCEEDS RESTRICTED TO PROVIDING LOW-INCOME HEALTH CARE

"RESULT OF 'YES' VOTE: 'Yes' vote requires using all tobacco-settlement proceeds for health care for low-income persons.

---

[1] The 1999 Legislature amended ORS 250.035 (1997). Or Laws 1999, ch 793, § 1. However, section 3 of that 1999 enactment provides, in part:

"(1) The amendments to ORS 250.035 by section 1 of this 1999 Act do not apply to any ballot title prepared for:

"(a) Any initiative petition that, if filed with the Secretary of State with the required number of signatures of qualified electors, will be submitted to the people of the general election held on the first Tuesday after the first Monday in November 2000 * * *."

The present proposed measure is one to which the 1999 act does not apply. We therefore apply the pertinent provisions of ORS 250.035 (1997).

"RESULT OF 'NO' VOTE: 'No' vote leaves use of tobacco-settlement proceeds unrestricted, rejects creation of health trust fund.

"SUMMARY: Currently, use of proceeds from settlement with tobacco products manufacturers is unrestricted. Measure places entire settlement into trust fund. Requires continuous appropriation of all fund earnings, for medical, dental, other remedial care services for low-income persons. Principal may be used for those purposes if court order or settlement agreement requires principal to go to federal government, or upon 2/3 approval by legislature when certain economic conditions indicate presence or likelihood of recession. Prohibits appropriations for other purposes, or under other conditions, absent voters' approval."

Petitioner Patterson challenges the caption, the "yes" and "no" vote result statements, and the summary. Petitioner Lowe challenges only the caption and the "yes" vote result statement.

■ ORS 250.035(2)(a) (1997) requires a ballot title to contain a caption of not more than 10 words that "reasonably identifies the subject matter" of the proposed measure. Petitioner Patterson contends that the Attorney General's caption is not informative, that it is written in a manner that might dissuade voters from approving the measure, and that it fails to inform voters that the measure would put the proceeds of the tobacco settlement into a trust fund and dedicate the earnings from that fund to providing health care for low-income persons. Petitioner Patterson proposes the following caption: "CREATES 'OREGON HEALTH PLAN TRUST FUND' WITH TOBACCO-SETTLEMENT MONEY." Petitioner Lowe faults the Attorney General's caption for suggesting that *all* the proceeds, including principal, from the tobacco settlement will be used to fund low-income health care. She proposes the following caption: "TOBACCO SETTLEMENT PROCEEDS RESTRICTED TO LOW-INCOME HEALTH CARE TRUST."

We agree with petitioner Patterson that the subject of the measure is the dedication of the proceeds of the tobacco settlement to a particular fund and the requirement that earnings from that fund be used to provide low-income health care. To comply substantially with ORS 250.035(2)(a) (1997),

the caption must alert voters to both aspects of the proposed measure. The Attorney General's certified caption does not do so. However, petitioner Patterson's proposed caption also misses the mark, because it does not explain that the earnings from the trust fund will be used to fund health care for low-income persons. Petitioner Lowe is correct that, under the proposed measure, with certain exceptions, only *earnings* from the proceeds of the settlement will be used to fund low-income health care. The caption should refer to earnings rather than to proceeds in referring to the money that will be used to provide low-income health care.

We certify the following caption for the proposed measure: DEDICATES TOBACCO-SETTLEMENT PROCEEDS; EARNINGS FUND LOW-INCOME HEALTH CARE.

■ We turn to petitioners' challenges to the "yes" vote result statement and to petitioner Patterson's challenge to the "no" vote result statement. ORS 250.035(2)(b) (1997) requires a "yes" vote result statement that contains a "simple and understandable statement of not more than 15 words that describes the result if the state measure is approved." ORS 250.035(2)(c) (1997) requires a "no" vote result statement that contains a "simple and understandable statement of not more than 15 words that describes the result if the state measure is rejected." ORS 250.035(3) requires that, "to the extent practical," the wording of the "yes" and "no" vote statements be parallel.

Both petitioners argue that the result of the proposed measure is the creation of a health-care trust fund using tobacco-settlement proceeds, with income from the trust to benefit low-income persons. They contend that the Attorney General's "yes" vote result statement does not inform voters of that result. According to petitioners, the absence of reference to the trust fund in the "yes" vote result statement is misleading, because the statement suggests that the tobacco-settlement principal would be used directly for providing health care to low-income persons. The first mention of a health trust fund appears in the Attorney General's "no" vote result statement. What is more, both petitioners argue, the wording of the "yes" and "no" vote result statements is not parallel.

The Attorney General does not dispute that the proposed measure requires tobacco-settlement moneys to be placed into a health-care trust fund. However, he argues that that information does not need to appear in the "yes" vote result statement, because it appears in the "no" vote result statement, and voters will be able to infer from its appearance in the "no" vote result statement that a health-care trust fund would be created if the measure is approved.

As noted, the *subject* of the proposed measure is the dedication of tobacco-settlement proceeds and the requirement that earnings from the proceeds be used in a particular manner. The *result* of the proposed measure, as petitioners correctly argue, would be to create a health-care trust fund, the earnings from which will provide health care to low-income persons. To comply substantially with ORS 250.035(2)(b) (1997), the "yes" vote statement must state that result. We disagree with the Attorney General that it suffices to mention the trust fund for the first time in the "no" vote result statement, leaving the voters to draw the inference about creation of the trust fund. Accordingly, we modify the Attorney General's "yes" vote result statement as follows: RESULT OF "YES" VOTE: "Yes" vote creates tobacco settlement trust fund; earnings dedicated to low-income health care.

Our modification of the "yes" vote result statement obviates petitioner Patterson's challenge to the "no" vote result statement. As noted, petitioner Lowe does not challenge the "no" vote result statement.

Regarding the Attorney General's certified summary, petitioner Patterson suggests a variety of ways in which he thinks that the summary could be written *better*, but he fails to demonstrate that the Attorney General's summary fails to comply substantially with the requirements of ORS 250.035(2)(d) (1997). Petitioner Lowe agrees that the Attorney General's summary complies with the statutory requirements.

We certify to the Secretary of State the following ballot title:

## DEDICATES TOBACCO-SETTLEMENT PROCEEDS; EARNINGS FUND LOW-INCOME HEALTH CARE

RESULT OF "YES" VOTE: "Yes" vote creates tobacco settlement trust fund; earnings dedicated to low-income health care.

RESULT OF "NO" VOTE: "No" vote leaves use of tobacco-settlement proceeds unrestricted, rejects creation of health trust fund.

SUMMARY: Currently, use of proceeds from settlement with tobacco products manufacturers is unrestricted. Measure places entire settlement into trust fund. Requires continuous appropriation of all fund earnings, for medical, dental, other remedial care services for low-income persons. Principal may be used for those purposes if court order or settlement agreement requires principal to go to federal government, or upon 2/3 approval by legislature when certain economic conditions indicate presence or likelihood of recession. Prohibits appropriations for other purposes, or under other conditions, absent voters' approval.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).

**VAN HOOMISSEN, J.,** dissenting.

I respectfully dissent. In my view, the Attorney General's certified ballot title substantially complies with the requirements of ORS 250.035 (1997). ORS 250.085(5).

The unspoken premise on which this court's modification decision is based is that it does not violate the principle of separation of powers for this court to rewrite a certified ballot title. *See Rooney v. Kulongoski (Elections Division #13)*, 322 Or 15, 55, 902 P2d 1143 (1995) (Unis, J., dissenting) (arguing that judicial modification of ballot titles offends Article III, section 1, of the Oregon Constitution); *Sizemore v. Kulongoski*, 322 Or 229, 237, 905 P2d 1146 (1995) (Durham, J., concurring) (same). The court should revisit that premise.